## ALLEN *vs.* SAYWARD.

The covenant of lawful seisin in fee, and good right in the grantor to convey, does not operate to estop him from setting up an after-acquired title in himself, against the grantee.

The word "give," in a deed of bargain and sale, in this State, does not import a covenant of warranty.

IN this case, which was trespass *quare clausum fregit,* the title of the plaintiff was derived by a deed from the defendant and *Henry Smith,* as executors of the last will and testament of one *Ebenezer Sayward.* The deed contained no covenants, except that the grantors had good right, and lawful authority, under the will, as executors, to sell and convey the premises to the grantee.

The defendant offered to show a paramount title to a part of the land, acquired by himself, subsequent to the conveyance by him and Mr. *Smith,* to the plaintiff. But *Preble J.* before whom the cause was tried, ruled that he was estopped to show this, by his deed to the plaintiff, as executor. The defendant further contended that the deed to the plaintiff, by calling for a boundary " to a white oak tree marked, or to the *Moulton*-line," did not thereby bound the plaintiff by the tree, unless it stood in the *Moulton*-line. But the Judge ruled that the *Moulton*-line must be considered as being at the tree; and that the plaintiff could not be prevented from holding up to the tree, by any proof that the line did not extend to it. A verdict was thereupon taken for the plaintiff, subject to the opinion of the court, upon the correctness of those directions to the jury.

*Appleton* for the defendant, contended that he was not estopped by the deed to the plaintiff. The executors were invested with a naked trust or authority to convey the estate, not coupled with any interest in it. It was no part of their duty to make any personal covenants respecting the title; nor was it in their power to enter into any which would bind the estate of their testator. *Sum-*

*ner v. Williams* 8. *Mass.* 201. 4. *Dane's Abr. ch.* 115, *art.* 10. The covenant, therefore, in their deed, is to be interpreted in relation to the whole subject matter, and according to the true intent of the parties; which was nothing more than to stipulate for the existence of their authority, and its regular exercise, according to the forms of law. *Shep. Touchst.* 163. *Browning v. Wright* 2. *Bos. & Pul.* 13. *Griffith v. Garland T. Raym.* 464. *Frothingham v. March* 1. *Mass.* 247.

2. But whatever may be the effect of this covenant, it cannot conclude the defendant in the present case; because the principle on which estoppels are allowed is to avoid circuity of action; and where there can be no circuity of action, there is no estoppel. 4. *Dane's Abr. ch.* 124, *art.* 6. *Co. Lit.* 446. 14. *Johns.* 193. 6. *Wood's Conv.* 144. But here no circuity will be prevented, for the judgment in this case cannot be conclusive upon the title; and any remedy of the plaintiff would not be against the defendant alone, but against him and his co-executor. The essential condition of identity of parties would be wanting. Nor, upon any principle, is the defendant estopped by the deed, for it contains no covenant of warranty; and without this, no title not *in esse* will pass by way of estoppel. *Jackson v. Wright* 14. *Johns.* 193. 3. *Johns.* 366. *Co. Lit.* 265. *Whitlock v. Mills* 13. *Johns.* 463.

3. As to the construction of the call for boundaries, the intent of the parties, which is the governing principle, evidently carried the grantee, at all events to the *Moulton*-line, and no farther. This was undoubtedly known to be the true limit of the tract to be conveyed; and the tree and the line were supposed to be exactly coincident. Hence, if the tree should be found to be on this side of the line, and is held to be the boundary, the grantee would not hold all the tract intended to be conveyed; and if it should be found to stand over and beyond the line, the grantors would be made to convey land to which both parties knew they had no title. Upon any other than the construction now contended for, the words " or to the *Moulton*-line" are entirely useless in the deed. If they were not intended to designate the real limit of the grant, why were they inserted at all?

Allen v. Sayward.

*J. Holmes* and *D. Goodenow* for the plaintiff. All the parties to a deed are estopped to gainsay any thing contained in it. *Jacob's Law Dict. verb. Estoppel.* 2. *Bl. Com.* 295 ; even though nothing passed by the deed. *Wolcott v. Knight* 6. *Mass.* 418. Thus a lessor is estopped from setting up a subsequent title, against his lessee ; 4. *Dane's Abr. ch.* 116, *art.* 1, *sec.* 16 ;—so is a grantor in fee, against his grantee ; *Jackson v. Hinnam* 10. *Johns.* 292 ; *Jackson v. Stevens* 13. *Johns.* 316. *Adams v. Frothingham* 3. *Mass.* 253. *Porter v. Hill* 9. *Mass.* 34 ;—so is an executor, assuming to act as such, without authority ; *Poor & al. v. Robinson* 10. *Mass.* 136 ; so is the heir, releasing with warranty to the disseisor of his father, in the father's lifetime ; *Co. Lit.* 265. *Goodtitle v. Morse* 3. *D. & E.* 370. And this doctrine applies against the State itself ; *Commonwealth v. Pejepscot Prop'rs.* 10. *Mass.* 155 ;—the only exception being the case of public trustees, acting for the public benefit, where an estoppel would work injustice to creditors, not being parties to the deed. *Fairtitle v. Gilbert* 2. *D. & E.* 171. It is the covenant which works the estoppel ; and here the covenant is purely the defendant's own. *Sumner v. Adams* 8. *Mass.* 162.

2. The tree is to be considered as a monument, being so designated by the grantor ; and therefore the plaintiff is entitled to hold to that boundary, it being visible and indisputable. If the *Moulton*-line lies beyond it, the grant must extend to that line, because every thing ambiguous and equivocal in a deed is to be taken most strongly against the grantor.

3. If the testator was seised at the time of his decease, which the executors cannot deny, their deed passed the whole estate and seisin, and constructively the possession also, to the plaintiff. Nothing passed, therefore, to the defendant, by the deed under which he claims to hold the land, his grantor not being seised at the time of the conveyance.

*J. Shepley*, in reply, denied that there was in the case any evidence of such disseisin of the defendant's grantor ; but whether there was or not was immaterial, this point not being now open to the plaintiff, it not having been taken at the trial, nor stated in the judge's report. *Tinkham v. Arnold* 3. *Greenl.* 120.

Allen *v.* Sayward.

WESTON J. delivered the opinion of the Court, at the ensuing term in *Cumberland.*

In order to determine whether the defendant is estopped to claim the land in question by reason of the former conveyance, it becomes important to ascertain what covenants he entered into by that deed. The covenants, whatever they are, must be deemed his own; as he had no authority thus to bind the estate of his testator.

By the use of the word "give," in the deed of the executors, it is insisted a covenant of warranty arises by implication of law, during the lives of the grantors. The legal effect of the term *dedi* is derived from feudal times. So long as a tenure was created, by the use of this term, and the feoffee and his heirs held of the feoffor and his heirs, by certain services, the law held the latter to warrant and defend the land, which was the consideration for these services. But after subinfeudations were abolished by the statute of *quia emptores*, and the feoffee, instead of holding of the feoffor, held of the chief lord of the fee; by the word "give," *(dedi,)* the feoffor only was bound to warranty, and not his heirs. But this covenant, thus raised by implication of law in a feoffment, does not arise from the use of the same term, in instruments which derive their efficacy from the statute of uses. 2. *Bl. Com.* 301. Of this description are conveyances in this State. That in most general use, is a deed of bargain and sale. It is true that, to effectuate the intentions of the parties, courts may and do construe a deed in this form to be a feoffment, a covenant to stand seised, or any other instrument known to the law, for the conveyance of real estate. The deed in question, is a deed of bargain and sale. It was a mode apt, appropriate and effectual, for the purpose intended. No other end is to be answered by regarding it as a feoffment, except that of raising by implication of law a covenant of warranty against the executors; a covenant, which they were under no obligation to make; and which they cannot be presumed to have intended. And after all it would be questionable, whether they would be bound by any other than express covenants.

The only covenant expressed is, that they had good right and lawful authority, under and by the will, and as executors thereto, to sell

Allen *v.* Sayward.

and convey the premises. It is certainly far from being clear that any thing more was intended than that they were duly qualified as executors; and that they derived from the will sufficient authority to sell the real estate of their testator. Beyond that, neither the duty of their office, nor common prudence required them to go. Whether any, and what estate, whether defeasible or indefeasible, the deceased had in the premises, the purchaser had the means of being satisfied from other sources. And to inquiries of this sort, he would be impelled by the common principle of *caveat emptor*, which has its chief application in the purchase of real estate. In the case of *Sumner v. Williams*, the majority of the court, who decided in favor of charging the administrators upon the covenant of warranty, did so upon the ground that a covenant of this sort was clearly and fully expressed by the terms of the deed; although there was much reason to doubt whether they intended to bind themselves personally. But as they alone could be bound, there was no other alternative but to hold them, or reject the covenant as altogether inoperative. Taking this covenant however in its utmost latitude, it may be construed to mean that the testator died seised, and that there was then no adverse seisin. This may have been true, and is not necessarily inconsistent with an after acquired title on the part of the defendant. Where a party has given a deed with a warranty of land, of which he had not a sufficient title, if he afterwards acquire a good title, it enures to his grantee by way of estoppel; and this to avoid circuity of action. But a covenant of seisin, or what is equivalent, that the party has good right to convey, does not thus operate upon an after acquired title. The party may have been seised, and may have conveyed his seisin to his grantee, by which these covenants are supported and verified; the seisin of the grantee may afterwards be devested upon elder and better title, and this may be subsequently lawfully purchased by the grantor, for his own use and benefit, and it will not enure to the grantee, who in such case can have no claim whatever for breach of covenant. The opinion of the court therefore is, that the deed given by the defendant and his co-executor, does not estop him from adducing in evidence and maintaining a paramount title, by him subsequently acquired.

---

It has been insisted that to permit him to do so, would be to enable him to commit a fraud upon the plaintiff. If this title had vested in him before the date of his deed as executor, either that transaction, or his attempt afterwards to defeat the conveyance, by a prior title, of his own, would have been a fraud upon the plaintiff; in which case, if he could sustain his own title, which he would certainly not be suffered to do in chancery, and possibly not at law, he would at least be holden to refund to the plaintiff the purchase money, thus fraudulently obtained. But he was at liberty afterwards to acquire a title of a party having lawful authority to convey; and the enforcement of rights accruing subsequently, would be no fraud upon the plaintiff. But it is urged that his grantor, not being seised, had no right to convey. That is a question not presented in the report of the judge. If the deed, under which the defendant claims, is liable to this objection, it may avail the plaintiff hereafter.

